

**ORDERED in the Southern District of Florida on February 24, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

*Tagged Opinion for Publication*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

In re:

Kesi Jamila Case,

    Debtor.
_____/

Jerry Rosen, et al.,

    Plaintiffs,

v.

Kesi Jamila Case,

    Defendant.
_____/

Case No. 20-23672-PDR

Chapter 7

Adv. Case No. 21-01091-PDR

# ORDER GRANTING, IN PART, DEFENDANT'S MOTION
# TO DISMISS SECOND AMENDED COMPLAINT

To survive dismissal, a complaint must comply with the pleading requirements under Fed. R. Civ. P. 8, and when the cause of action involves fraud, the heightened requirements under Fed. R. Civ. P. 9. A third attempt that fails to do so after clear instructions from the Court on how to comply justifies dismissal with prejudice.

## Background

Plaintiffs Jerry Rosen, Vicki Bellofiore, William Pontus, and Sara Pontus filed their Second Amended Complaint alleging that the Defendant is personally indebted to them because of their transactions with her company, K&K Design and Construction, LLC ("K&K"). The Plaintiffs allege the debts are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) for money obtained by false pretenses, false representation, or actual fraud; and under 11 U.S.C. § 523(a)(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. The Defendant moved to dismiss with prejudice ("Motion to Dismiss").

The Defendant owned and managed K&K with her partner, Kimberly Henlin. In 2019, K&K entered two separate home remodeling contracts, with William and Sara Pontus (the "Pontuses") in February, and Jerry Rosen and Vicki Bellofiore (the "Rosens") in August. The Plaintiffs allege that they are the victims of various misrepresentations in reliance upon which they entered the subject contracts and paid K&K. The Plaintiffs further allege that K&K failed to perform causing damages for which the Defendant is personally liable, and that the liability is nondischargeable.

The Defendant, who filed her Chapter 7 petition on December 15, 2020,[1] listed the Rosens in her schedules as disputed creditors with an unsecured claim of $66,140, and the Pontuses with a disputed unsecured claim of $0.[2] On March 15, 2021, the Plaintiffs filed this adversary proceeding ("First Complaint") which contained one count objecting to discharge of the debts, but also asserting the Defendant's personal liability under a Florida statute, civil conspiracy, aiding and abetting, and alter ego.[3]

On May 21, 2021, the Defendant moved to dismiss the complaint for failure to state a claim, arguing various pleading deficiencies ("First Motion").[4] Without seeking leave as required by Fed. R. Bankr. P. 7015, the Plaintiffs amended their complaint ("Amended Complaint").[5] *See* Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(a)(1)(B). In response, the Defendant filed Combined Motions to Strike and to Dismiss for Failure to State a Claim ("Second Motion"), alleging similar pleading deficiencies as the First Motion.[6] Noting that the Defendant's Second Motion failed to address the Plaintiffs' noncompliance with Bankruptcy Rule 7015, the Court *sua sponte* granted the Plaintiffs leave to amend their complaint, deemed the Amended Complaint as properly filed, and

---

[1] *See* (Main Case Doc. 1). Docket entries filed in this adversary proceeding are cited as "(Doc. XX)"; docket entries filed in *In re Kesi Jamila Case*, No. 20-23672-PDR (Bankr. S.D. Fla.) are cited as "(Main Case Doc. XX)."

[2] (Main Case Doc. 11).

[3] (Doc. 1).

[4] (Doc. 18).

[5] (Doc. 27).

[6] (Doc. 34).

denied the First Motion as moot.[7] Following a hearing on the Second Motion on August 5, 2021, the Court dismissed the Amended Complaint without prejudice due to the pleading deficiencies.[8]

The Plaintiffs then amended their complaint on September 9, 2021 ("Second Amended Complaint"). Unlike the previous complaints that included only one count, the Second Amended Complaint separates the causes of action into six counts:

(1) Nondischargeability of the Rosens' debt under 11 U.S.C. § 523(a)(2)(A);

(2) Nondischargeability of the Rosens' debt under 11 U.S.C. § 523(a)(6);

(3) Determination of the Pontuses' claim;

(4) Nondischargeability of the Pontuses' debt under 11 U.S.C. § 523(a)(2)(A);

(5) Nondischargeability of the Pontuses' debt under 11 U.S.C. § 523(a)(6); and

(6) Determination of alter ego.

The Defendant responded with the Motion to Dismiss, once again arguing pleading deficiencies, but this time asking for dismissal with prejudice, contending "[t]hree strikes should be sufficient."[9] The Defendant again argues the Second Amended Complaint is a "shotgun" pleading, contains conclusory statements throughout, violates Rule 9, and lacks factual allegations specifically against the

---

[7] (Doc. 38).

[8] (Doc. 43).

[9] (Doc. 58).

Defendant. The Plaintiffs responded in opposition[10] and the Court held a hearing on the matter on November 24, 2021 ("November Hearing").

## Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). The Court has statutory authority to hear and determine this case under 28 U.S.C. §157(b)(2)(I) and the general order of reference from the United States District Court for the Southern District of Florida. S.D. Fla. Local Rule 87.2(a). Venue is proper under 28 U.S.C. § 1409.

## Legal Standard

Fed. R. Bankr. P. 7012 applies Fed. R. Civ. P. 12 to adversary proceedings. Motions under Rule 12(b)(6) are designed to test the legal sufficiency of the complaint. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). When deciding a motion under Rule 12(b)(6), the Court must limit its consideration to the four corners of the complaint, treat all well-pleaded facts as true, and interpret all facts in the light most favorable to the plaintiff. *See Ortiz v. Deutsche Bank AG (In re Estrategias en Valores, S.A.)*, 628 B.R. 722, 726 n.1 (Bankr. S.D. Fla. 2021) (citing *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012)); *Harvey M. Jasper Retirement Tr. v. Ivax Corp.*, 920 F. Supp. 1260, 1263 (S.D. Fla. 1995) (quoting *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1993)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[10] (Doc. 65).

544, 570 (2007)). Plausibility requires that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff need not include detailed factual allegations, but "the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

## Analysis

The Motion to Dismiss argues that the Complaint should be dismissed because the allegations are insufficient to state causes of action under § 523(a)(2)(A) and 523(a)(6) and as a shot gun pleading.

### I. Counts I–V: Pleading Sufficiency

In general, to state a claim, adversary complaints must satisfy Fed. R. Bankr. P. 7008, which applies Fed. R. Civ. P. 8. Under Rule 8(a)(2), a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Where the adversary complaint asserts a claim for fraud, however, the allegations must satisfy the heightened pleading standard under Fed. R. Bankr. P. 7009, which applies Fed. R. Civ. P. 9.[11]

Rule 9 requires the complaint to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009. Because "fraud often cannot be pled with certainty before discovery," courts "look carefully for specific

---

[11] The requirements of Rule 9(b) serve "an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (cleaned up); *see also Metro.*

allegations of fact giving rise to a strong inference of fraudulent intent, keeping in mind that the pleading of scienter may not rest on a bare inference that a defendant must have had knowledge of the facts." *Wilson Family Foods, Inc. v. Brown (In re Brown)*, 457 B.R. 919, 925 (Bankr. M.D. Ga. 2011) (internal quotation marks omitted) (quoting *Maldonado v. Dominguez*, 137 F.3d 1, 9–10 (1st Cir. 1998)). When more than one actor is alleged to have participated in the fraudulent transactions, the plaintiff cannot "vaguely attribute alleged fraud," but "must individualize the allegations and give specific facts as to each." *Id.* The plaintiff must allege fraud with sufficient particularity to allow the defendant "a reasonable opportunity to answer the complaint and adequate information to frame a response." *Future Tech Int'l v. Tae Il Media*, 944 F. Supp. 1538, 1571 (S.D. Fla. 1996) (internal quotation marks and citation omitted); *First City Nat'l Bank & Tr. Co. v. Fed. Deposit Ins. Co.*, 730 F. Supp. 501, 513 (E.D.N.Y. 1990) ("Facts supporting allegations of fraud in a complaint must be specific enough to allow the defendant 'a reasonable opportunity to answer the complaint' and provide the defendant with 'adequate information to form a response.'" (quoting *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557–58 (2d Cir. 1979)).

"Under Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. 2011) (citation and internal quotation

---

*Steel, Inc. v. Halversen (In re Halversen)*, 330 B.R. 291, 301 (Bankr. M.D. Fla. 2005) ("The serious nature of fraud requires a plaintiff to plead more than conclusory allegations of fraudulent conduct.") (cleaned up).

marks omitted). "To be precise, to survive a motion to dismiss, Plaintiffs must assert the who, what, when, and where of the purported fraud." *In re Taylor, Bean, & Whitaker Mortg. Corp.*, 2011 WL 5245420, at *5 (Bankr. M.D. Fla. 2011).

    A.    <u>Counts I & IV: 11 U.S.C. § 523(a)(2)(A)</u>

Section 523(a)(2)(A) excepts from discharge any debt "for money, property, services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud." To state a claim under § 523(a)(2)(A), the plaintiff must plead that "the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement." *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996). Count I as to the Rosens' debt and Count IV as to the Pontuses' debt seek a determination that the debts are nondischargeable under § 523(a)(2)(A).

    1.    <u>Count I – The Rosens' Debt</u>

Nowhere in the Complaint do the Rosens allege that the Defendant made any misrepresentations to them or allege actions committed by the Defendant supporting fraud with enough specificity. For instance, the Rosens on several occasions use "Case and or Henlin and or K & K Design" as the subjects committing the alleged fraud.[12] The use of "or" makes it impossible for the Defendant to know whether any alleged misrepresentations or actions are attributable to her and, if so, which. Although paragraph 29 indicates that "Case and Henlin mispresented" facts, the subsequent

---

[12] *See, e.g.*, (Doc. 50 ¶¶ 25, 29).

subparagraphs employ the ambiguous "and or" rendering the alleged misrepresentations potentially attributable to Henlin or K&K and not the Defendant. As so, it fails to provide the Defendant with adequate information to allow her to frame a response because the Defendant does not know which representations the Rosens are actually attributing to her. In short, the Second Amended Complaint is vague to the point that it fails to state that the Defendant made any of the statements for which the Rosens seek to hold her liable.

The Plaintiffs also fail to sufficiently allege a basis for the Defendant's responsibility for the alleged wrongdoings by K&K and Henlin. The Plaintiffs merely assert conclusory statements that Defendant "had controlling authority," "was involved in every aspect of the business," and "made all relevant decisions," but offer nothing further in support of these statements or why, if true, they lead to the conclusion that the Defendant should be responsible for the alleged misconduct of others.[13] Conclusory assertions about the Defendant's controlling authority, involvement in every aspect of the business, and relevant decision making do not equate to the Defendant being responsible for the fraud of others and certainly not without alleging how with particularity.

The Plaintiffs further allege the Defendant was "the financially responsible officer" for K&K and "personally responsible for all financial aspects of [K&K]" and as such she is "jointly and severally liable" for its wrongdoings. However, the Plaintiffs fail to allege any support as to why the Defendant's position in the corporation makes

---

[13] *See* (Doc. 50 ¶¶ 12–17).

her liable for wrongful actions by K&K, especially as to fraud, other than deeming it to be so. Without more, these allegations amount to no more than "labels and conclusions."

Instead of factually supporting the allegation that the Defendant is responsible for "all actions of [K&K] and its employees," the Second Amended Complaint merely cites various caselaw.[14] For example, the Plaintiffs cite *In re Richert*, 632 B.R. 877, 894 n.135 (Bankr. M.D. Fla. 2021) and *Taco Bell of Cal. v. Zappone*, 324 So. 2d 121, 123 (Fla. 2d DCA 1975) for the proposition that a debtor may be responsible for the fraud of an agent acting within that agent's authority, suggesting the Defendant is responsible for the fraud of Henlin and K&K. However, the Second Amended Complaint fails to allege that Henlin and K&K were agents of the Defendant acting within their authority, and in fact, fails to make any agency allegations at all.

Paragraph 25 of the Second Amended Complaint alleges that Henlin "put on a marketing sales presentation" where she made several misrepresentations to the Rosens "at the direction and knowledge of Case," suggesting that the Defendant is personally responsible for Henlin's actions.[15] However, the Rosens fail to provide any factual support for these threadbare conclusory assertions. For example, they offer no context to support even an inference of plausibility that Henlin acted "at the direction and knowledge" of the Defendant. *See Petedge, Inc. v. Garg*, 234 F. Supp. 3d 477, 492–94 (S.D.N.Y. 2017) (concluding that allegations merely tacking conclusory assertions such as "at [Defendant]'s direction" and "with his knowledge and approval" to other's

---

[14] (Doc. 50 ¶ 18).

conduct and not supported by any "particularized factual allegations" in the complaint failed to "meet the 'plausibility' standard of Rule 8(a), much less the particularity requirement of Rule 9(b)") (collecting cases). The Second Amended Complaint may have, for example, alleged that Henlin was an employee of the Defendant who was required to follow her orders, or as previously discussed, that Henlin was an agent of the Defendant with facts supporting the theory of agency. Instead, all it alleges is that Henlin and the Defendant formed K&K together. At most, the only plausible inference from that simple allegation is that they were business partners, which is insufficient to support the conclusory assertion that the Defendant is responsible for Henlin's actions. The Court must conclude that if the Rosens could have asserted the necessary supporting factual allegations, by this third attempt, they would have. They did not.

There are only three instances in which the Second Amended Complaint attributes potentially wrongful actions directly to the Defendant: (1) Paragraph 29(h) alleges that the Defendant and Henlin posted pictures on K&K's website that were not of work completed by K&K; (2) Paragraph 33 alleges that the Defendant took money from K&K's revenues for her own use; and (3) Paragraph 34 alleges that the Defendant refused to return the money to the Rosens. The gravamen of Count I's alleged fraud is that the Defendant "through false pretenses induced [the Rosens] into entering into the construction contract and paying $43,640.00." The allegation that the Defendant posted pictures on K&K's website that were not of K&K's work may be relevant but is by itself woefully insufficient to state a cause of action under § 523(a)(2)(A). It is implausible that the Rosens were defrauded solely because of pictures posted on the

---

[15] (Doc. 50 ¶¶ 25, 26).

company's website. Allegations that the Defendant removed money from her company's bank account without allegations, for example, that the funds were somehow restricted, are insufficient to state a claim for fraud and a cause of action under § 523(a)(2)(A) because once paid, the funds became the sole property of K&K. The Rosens' failure or inability to attribute the misrepresentations directly to the Defendant and to support the conclusory allegations leaves their fraud claim inadequate. Therefore, the Plaintiffs fail to sufficiently plead a claim under § 523(a)(2)(A) in Count I.

The Plaintiffs acknowledge they received instructions from the Court, when amending their complaint, to "plead how the Defendant was connected to the fraudulent [behavior] with who what where when and how," referring to Rule 9's particularity requirements.[16] Having again failed to do so, Count I is dismissed with prejudice. *See, e.g., Century Surety Co. v. Hartford Fire Insurance Co.*, No. 05-22517-CIV-GOLD, 2006 WL 8433282 (S.D. Fla. Sept. 6, 2006) (dismissing with prejudice the Second Amended Complaint, which was Plaintiff's third attempt to state a claim, for failure to allege enough facts despite express instructions from the Court's previous dismissal); *Dismuke v. Univ. of South Fla. Bd. of Trs.*, No. 8:05-CV-340-T-17-TBM, 2006 WL 166547 (M.D. Fla. Jan. 23, 2006) (generally no abuse of discretion in dismissing with prejudice a complaint that in its third iteration still fails to state a claim).

    2.    <u>Count IV – The Pontuses' Debt</u>

---

[16] (Doc. 65 at 2).

Unlike Count I, the allegations incorporated into Count IV sufficiently allege actions committed directly by the Defendant. In paragraphs 52–67, the Pontuses claim that in February 2019, the Defendant and Henlin "put on a marketing sales presentation" where they made several misrepresentations to the Pontuses about the work and services K&K could provide—such as their qualifications for taking on the project and the timeline by which they could complete it—and the Pontuses relied on these misrepresentations when they entered into a contract with K&K to remodel their home and paid money for work that the Defendant knew could not be completed.[17] These detailed allegations attribute the alleged wrongdoing directly to the Defendant and provide sufficient support for the "who, what, when, and where" as required under Rule 9. Therefore, Count IV, unlike Count I, states a claim and dismissal of Count IV is denied.[18]

B.      Counts II & V: 11 U.S.C. § 523(a)(6)

Section 523(a)(6) excepts from discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." Count II as to the Rosens' debt and Count V as to the Pontuses' debt seek a determination that the debts are nondischargeable under § 523(a)(6). The Second Amended Complaint states that the Defendant "undertook intentional acts to injure [Plaintiffs] and the property of

---

[17] *See* (Doc. 50 ¶¶ 52–67, 75–82).

[18] Count IV also seeks that the Court "declar[e] and liquidat[e] the amount of Case's debt to" the Pontuses in addition to a determination as to its dischargeability. (Doc. 50 at 26). The Second Amended Complaint sufficiently alleges a cause of action for fraud in Count IV and the Court may decide the amount determined to be nondischargeable. *See Neves v. Markwood Invs. Ltd (In re Neves)*, No. 11-24505-CIV, 2012 WL 1831717, at *3 (S.D. Fla. May 17, 2012) (concluding "that bankruptcy courts have authority to enter a money judgment in dischargeability proceedings").

[Plaintiffs]."[19] However, as with the previous complaints, the Plaintiffs do not, in either count, explain or specify the alleged injury to them or their property.

Because the Second Amended Complaint is devoid of allegations of injury, it is impossible to decern who or what the Plaintiffs claim has been injured. While the Court cannot infer injury from what has been alleged, even if it inferred injury to the Plaintiffs' homes as they argued at the November Hearing, the Plaintiffs have not provided any details of the injury. They have also not provided support for the notion that the failure to perform services on real property, alone, constitutes an injury to that property. Absent sufficient allegations of injury, a claim under § 523(a)(6) fails to state a cause of action. *See In re Nunez*, 400 B.R. 869, 876 (Bankr. S.D. Fla. 2008) ("When there is no injury, there is nothing to discharge or not discharge."). Without the specificity required so that the Defendant is aware of the allegations against her, she cannot frame a responsive pleading. The Plaintiffs have amended their complaint twice and again failed to correct this deficiency. Therefore, Counts II and V are dismissed with prejudice.

### C. Count III: Determination of Pontuses' Claim

Count III seeks a "judgment declaring and liquidating the amount of CASE's debt to" the Pontuses and denying her "a discharge as to her liability to" them.[20] Count III realleges paragraphs one through 19 and 52–67. Nothing in Count III, alleged or realleged, provides a statutory or other legal basis for the relief the Pontuses seek in

---

[19] (Doc. 50 at ¶¶ 15, 26).

[20] (Doc. 50 at 23).

this count. For example, it is impossible to discern a cause of action, as there is no cause of action for "declaring and liquidating the amount" of an alleged debt. Count III is simply silent as to the legal basis for the debt. The Defendant therefore cannot know what elements the Pontuses must prove and therefore cannot frame a responsive pleading. This is their third attempt and the Pontuses have still failed to sufficiently state a claim. Therefore, the Court dismisses Count III with prejudice.[21]

## II. Count VI: Shotgun Pleading

"Shotgun pleadings violate Rule 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief, by failing to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (internal citations and quotation marks omitted). In a shotgun pleading, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings, the most common of which are complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)).

---

[21] Count III is arguably unnecessary since the Pontuses state a cause of action for fraud in Count IV and seek a determination of the amount of that claim. *See supra* n.18.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" because among other things, they "waste scarce judicial resources" and "inexorably broaden the scope of discovery." *Vibe Micro*, 878 F.3d at 1295 (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting numerous cases)). However, a court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Id.*

The Second Amended Complaint pleads six counts against the Defendant. Count VI, for a determination of alter ego, "realleges and incorporates" the entirety of the Second Amended Complaint, including Counts I through V.[22] Both the First Complaint and the Amended Complaint similarly made this mistake by incorporating all preceding paragraphs by reference.[23] In their response to the Motion to Dismiss, the Plaintiffs acknowledge the Court's instructions to "remove the shot-gun pleading style of the complaint," but again fail to comply with this basic pleading standard in Count VI. Therefore, the Court dismisses Count VI with prejudice.[24] *Vibe Micro*, 878 F.3d at 1296 (affirming dismissal with prejudice of a second amended complaint where the court gave the plaintiff a chance to replead and instructions on how to do so but the complaint remained a shotgun pleading).

---

[22] (Doc. 50 at 26).

[23] (Doc. 1 at 25; Doc. 27 at 28).

[24] The Court notes that federal courts generally treat alter ego "as a theory to impose liability on an individual for the acts of a corporate entity" rather than as a separate cause of action. *Lan Li v. Walsh*, No. 16-81871-CIV-MARRA, 2017 WL 3130388, at *9 (S.D. Fla. July 24, 2017); *see also Peacock v. Thomas*, 516 U.S. 349, 354 (1996) ("Piercing the corporate veil is not itself an independent cause of action, but rather is a means of imposing liability on an underlying cause of action.").

Accordingly, the Court **ORDERS**:

1. The Motion to Dismiss (Doc. 58) is **GRANTED IN PART** and **DENIED IN PART**.

2. The Motion is **GRANTED** as to Counts I, II, III, V, and VI, and the Court dismisses Counts I, II, III, V, and VI with prejudice.

3. The motion is **DENIED** as to Count IV.

4. The Defendant shall have 20 days from the date of this order within which to respond to Count IV.

###

Copies To:
Michael A. Gort

*Attorney Michael A. Gort is directed to serve a copy of this Order on all interested parties.*